**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **BLAZZ BRASHEAR** | **CIVIL ACTION** |
| **VERSUS** | **NO. 08-3633 c/w 08-4830**<br>**REF: 08-4830** |
| **UNITED STATES POSTAL SERVICE, et al.** | **SECTION "I"/5** |

## ORDER AND REASONS

Before the Court is an unopposed motion to dismiss filed by defendant, United States of America, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction. For the following reasons, the motion is **GRANTED** without opposition.

## BACKGROUND

This matter arises from a three-car collision involving a vehicle operated by Nicole Delco, a vehicle operated by Blazz Brashear ("Brashear"), and a vehicle owned by the United States Postal Service ("USPS") and operated by a USPS employee.[1] Delco, on behalf of herself and her child, alleges that the USPS vehicle struck Brashear's vehicle, which in turn collided with Delco's vehicle.[2]

---

[1]Rec. Doc. No. 1-3.

[2]Rec. Doc. No. 1-3, para. 4.

1

Delco filed a petition in Louisiana state court against the USPS employee and Brashear, and the United States removed the action to this Court in November, 2008.[3] The United States filed this motion to dismiss, pursuant to Rule 12(b)(1), on the ground that this Court lacks subject matter jurisdiction because Delco has not exhausted the administrative remedies required by the Federal Tort Claims Act.

## LAW AND ANALYSIS

### I. STANDARD OF LAW

A motion to dismiss filed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure "allow[s] a party to challenge the subject matter jurisdiction of the district court to hear a case." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). The party asserting jurisdiction carries the burden of proof. *Id.* The district court may base its determination as to its subject matter jurisdiction on: "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Id.* "When examining a factual challenge to subject matter jurisdiction under Rule 12(b)(1), which does not implicate the merits of plaintiff's cause of action, the district court has substantial

---

[3]Rec. Doc. No. 1.

authority 'to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'" *Fuller v. Hillyard*, No. 00-2791, 2001 WL 6725, at *1 (E.D. La. Jan. 2, 2001)(Vance, J.)(quoting *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997)). The Court may, therefore, look beyond the pleadings to evidence such as affidavits. *Id.*

## II. <u>FEDERAL TORT CLAIMS ACT</u>

It is well established that the United States, as sovereign, is immune from lawsuits except to the extent that it has waived its immunity. *United States v. Testan,* 424 U.S. 392, 399, 96 S. Ct. 948, 953, 47 L. Ed. 2d 114 (1976) (quoting *United States v. Sherwood*, 312 U.S. 584, 586, 61 S. Ct. 767, 85 L. Ed. 1058 (1941)). Through the Federal Tort Claims Act ("FTCA"), the United States has partially waived its immunity from liability for money damages caused by the negligence of federal employees acting within the scope of their employment.[4] *Gregory v. Mitchell,* 634 F.2d 199, 203 (5th Cir. 1981).

The FTCA sets forth the conditions that a plaintiff must satisfy before initiating litigation against the United States. *Id.* ("Partial waiver, as found in the FTCA, exists wholly by virtue of congressional consent which fixes the terms and conditions on which suit may be instituted."). One such

---

[4]Plaintiff's petition alleges that she is entitled to money damages as a result of the negligence of a USPS employee who was driving a USPS vehicle. Rec. Doc. No. 1-3. As such, her claim comes within the purview of the FTCA.

prerequisite is that a plaintiff must present her claim to the

appropriate federal administrative agency before filing a

lawsuit. The FTCA provides in pertinent part:

> An action shall not be instituted upon a claim against the
> United States for money damages for injury or loss of
> property or personal injury or death caused by the negligent
> or wrongful act or omission of any employee of the
> Government while acting within the scope of his office or
> employment, unless the claimant shall have first presented
> the claim to the appropriate Federal agency and his claim
> shall have been finally denied by the agency in writing and
> sent by certified or registered mail. The failure of an
> agency to make final disposition of a claim within six
> months after it is filed shall, at the option of the
> claimant at any time thereafter, be deemed a final denial of
> the claim for purposes of this section.

28 U.S.C. § 2675(a). "The requirement of exhaustion of

administrative review is a jurisdictional requisite to the filing

of an action under the FTCA." *Gregory,* 634 F.2d at 203-04. Such

jurisdictional defect cannot be cured by administrative

exhaustion after the lawsuit is filed. *Nelson v. Nagin*, No. 06-

990, 2007 WL 2083609, at *2 (E.D. La. July 19, 2007)(Zainey,

J.)(citing *McNeil v. United States*, 508 U.S. 106, 113 S. Ct.

1980. 124 L. Ed. 2d 21(1993)).

In the instant case, the record undisputably indicates that

Delco failed to present her claims to the USPS for administrative

review before filing this lawsuit. An attorney for the USPS

states in a declaration, made under the penalty of perjury

pursuant to 28 U.S.C. § 1746, that as of January 20, 2009, a

search of the National Tort Center's administrative claims files

did not reveal any claim filed on behalf of Delco or her child.[5] Delco has not opposed this motion and has not disputed the USPS' statement that, as of January 20, 2009, she had not filed an administrative claim. Considering that Delco filed this lawsuit in October, 2008, she has failed to satisfy the prerequisites of the FTCA and this Court lacks subject matter jurisdiction over Delco's claims against the United States.

<u>CONCLUSION</u>

For the foregoing reasons,

**IT IS ORDERED** that the motion to dismiss is **GRANTED** and that Delco's claims against the United States are **DISMISSED WITHOUT PREJUDICE.**

New Orleans, Louisiana, April 28th, 2009.

_____

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[5] Rec. Doc. No. 7-3, para. 4.